# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| KIM BROWN, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No. 2:24-cv-02571-SHL-atc |
|  | ) |
| SHELBY COUNTY SCHOOLS, LEWIS THOMASON, P.C., LAURA DEAKINS, CHERYL R. ESTES, and JAMIE GIBBER, | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTIONS TO DISMISS, AND DENYING AS MOOT MOTIONS FOR MANDATORY JUDICIAL NOTICE

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation and Order on Pending Motion ("R&R"), filed July 11, 2025. (ECF No. 39.) The R&R recommends that the Court dismiss Plaintiff Kim Brown's amended complaint with prejudice, granting the two motions to dismiss filed on December 6, 2024, one by Defendant Shelby County Schools ("SCS") (ECF No. 32), the other by Defendants Lewis Thomason, P.C., Laura Deakins, and Jamie Gibber (the "LT Defendants") (ECF No. 33). Brown filed his objections to the R&R on July 24, 2025. (ECF No. 40.) Defendants filed a joint response to Brown's objections on August 7. (ECF No. 45.) Along with his objections, Brown also filed four motions, which he styles as motions "for mandatory judicial notice" of certain letters, emails, and news articles (ECF Nos. 41, 42, 44, 46), which the Court construes as exhibits supporting his objections to the R&R.

For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS** Defendants' motions to dismiss, and **DENIES AS MOOT** Brown's motions for judicial notice.

## APPLICABLE LAW

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I. Brown's Objections to the R&R

This is Brown's fourth lawsuit arising from his termination by SCS in 2013, having lost the first three.[1] In this case, he appears to object to three conclusions of law in the R&R. Thus, the Court reviews only these three recommendations de novo and the rest for clear error.

#### A. Res Judicata

First, he argues that the doctrine of res judicata should not apply to his attempt to relitigate his 2013 firing from SCS. (ECF No. 40 at PageID 538.)

Res judicata or claim preclusion "prevents parties from litigating matters that 'should have been advanced in an earlier suit.'" Wheeler v. Dayton Police Dep't, 807 F.3d 764, 766 (6th Cir. 2015) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)).

---

[1] See Brown v. Shelby Cnty. Bd. of Educ., No. 15-5787 (6th Cir. Apr. 26, 2016) ("Brown I"); Brown v. Burch, Porter & Johnson, PLLC, No. 15-6242 (6th Cir. Nov. 21, 2016) ("Brown II"); Brown v. Shelby Cnty. Schs., No. W2022-00123-COA-R3-CV, 2023 WL 4146274 (Tenn. Ct. App. June 23, 2023), perm. appeal denied, No. W2022-00123-SC-R11-CV (Tenn. Dec. 19, 2023) ("Brown III").

Under res judicata, a plaintiff is barred from bringing a separate claim arising from the same set of facts when the following circumstances are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." Bittinger v. Tecumseh Prod. Co., 123 F.3d 877, 880 (6th Cir. 1997) (emphasis removed).

Brown reasons, however, that res judicata does not apply to the facts surrounding his 2013 firing because he alleged that the Chancery Court reinstated him to his position in 2019 (ECF No. 40 at PageID 543)—although his victory in the trial court was in fact reversed by the Tennessee Court of Appeals, see Brown III, 2023 WL 4146274. Despite that fact, he believes that his alleged reinstatement serves to "reset" his causes of action, negating the doctrine of res judicata. (ECF No. 40 at PageID 543.) But res judicata is a doctrine much more durable than Brown understands. Indeed, res judicata puts an end not only to claims, but also to all "material facts or questions" at issue that have been "admitted or judicially determined" in a previous case between the parties. Louisville Trust Co. v. Smith, 330 F.2d 483, 485 (6th Cir. 1964). Those facts and questions "may not again be litigated" between them, "regardless of the form the issue may take in the subsequent action." Id. Thus, Brown may not continue to contest the same facts of his 2013 termination in any form, whatever the intervening history.

For this reason, the R&R has correctly determined that all but one of Brown's claims must be dismissed under the doctrine of res judicata.

B.  Litigation Privilege

However, the one new claim that alone is not barred by res judicata, Brown's abuse of process claim, still fails. Brown'sabuse of process claim alleges that Defendants submitted his

3

"prior litigation history" to the state court in Brown III with the goal of "harassment." (ECF No. 40 at PageID 546.) For support, he points out that the Tennessee Court of Appeals opinion, which put an unsuccessful end to his third lawsuit, included a footnote stating that his extensive history of litigation was "not relevant" to the issue of his original 2013 termination by SCS. Brown III, 2023 WL 4146274, at *6 n.10.

Nevertheless, the attorneys for SCS are shielded from Brown's claim by Tennessee's litigation privilege. The litigation privilege

> protects an attorney and immunizes him from suit when the following factors are present: (1) the attorney was acting in the capacity of counsel for a client or identifiable prospective client when the conduct occurred, (2) the attorney was acting in good faith for the benefit of and on behalf of the client or prospective client, not for the attorney's self-interest, (3) the conduct was *related to* the subject matter of active litigation or proposed litigation that was under serious consideration by the attorney, and (4) there was a real nexus between the attorney's conduct and that litigation.

Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C., No. 2:13-cv-02328-JDT-dkv, 2013 WL 3992523, at *10 (W.D. Tenn. Aug. 5, 2013) (emphasis added) (citing Unarco Material Handling, Inc. v. Liberato, 317 S.W.3d 227, 238 (Tenn. Ct. App. 2010)).

Brown, wringing sustenance from the Brown III footnote, argues that, because the Court of Appeals found that a fact was "not *relevant*," the LT Defendants' conduct was not *related to* their representation of SCS. Thus, he argues the litigation privilege does not apply. But Brown misunderstands the distinction between evidence that is *relevant* to a case and conduct that is "*related to*" a case. The Tennessee Court of Appeals was referring to the former, but the litigation privilege protects attorneys who engage in the latter.

The LT Defendants' conduct in Brown III satisfies the Unarco factors. See 317 S.W.3d at 238. The LT Defendants were advocating for their client SCS; they were acting in good faith for the interests of their client, not for their own; their conduct was related to the subject matter

4

of Brown's firing in 2013; and their mention of Brown's previous litigation history with SCS shared a real nexus to his third suit against SCS.

Thus, the R&R correctly determined that Brown's abuse of process claim must be dismissed under the litigation privilege.

    C.        Rooker-Feldman Doctrine

Finally, Brown objects that the Rooker-Feldman doctrine, raised sua sponte in the R&R, should not serve as an additional basis to dismiss his amended complaint.

"Rooker-Feldman is a combination of abstention and res judicata." Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 434 (6th Cir. 2018). It bars cases "brought by state-court losers complaining of injuries caused by state-court judgments." Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Brown concedes that Rooker-Feldman deprives a federal district court of jurisdiction over claims arising from a state court *judgment*, but he contends that his abuse of process claim instead arises from the *process* that led to that judgment. (ECF No. 40 at PageID 551.) In other words, Brown argues that the abuse of process claim is against the LT Defendants as third parties and not against the state court judgment itself. (Id.)

It is true that an abuse of process claim, if it is truly independent of a state court judgment, is not barred by Rooker-Feldman. See McCormick v. Braverman, 451 F.3d 382, 392 (6th Cir. 2006) (explaining that an abuse of process claim that did not "assert an injury caused by the state court judgments" was not barred). However, Rooker-Feldman still applies to an abuse of process claim when the claim is "related to the state litigation." Pletos, 731 F. App'x at 435.

Whatever issues Brown had with a filing by SCS in Brown III should have been raised in state court. See Pletos, 731 F. App'x at 436 (finding that Rooker-Feldman barred a plaintiff's

5

abuse of process claim which was, "with slight nuances," really an attempt to appeal an unfavorable state court order). Brown's abuse of process claim against the LT Defendants is an attempt to appeal an unfavorable state court outcome, and thus Rooker-Feldman bars his claim. In any case, the Court need not decide whether Brown's abuse of process claim indeed asserts an injury caused by the state court judgment, because all of Brown's claims are disposed of on other grounds.

Having reviewed de novo the conclusions of the R&R to which Brown objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R.

## II. Brown's Motions for Judicial Notice

Brown also filed four motions requesting that the Court take "mandatory judicial notice" of certain letters, emails, and news articles. (ECF Nos. 41, 42, 44, 46).

"The court *may* judicially notice a *fact* that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added). Because the Court may at its discretion take judicial notice of facts—but not of documents—the Court cannot take judicial notice of the correspondence or the articles submitted by Brown. In any case, the motions are mooted by the dismissal of Brown's amended complaint. Thus, the Court **DENIES AS MOOT** the motions for judicial notice.

## **CONCLUSION**

Therefore, the Court **ADOPTS** the R&R, **GRANTS** Defendants' motions to dismiss, and **DENIES AS MOOT** the motions for judicial notice.  Brown's amended complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 9th day of September, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE