**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KIM BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:24-cv-02571-SHL-atc |
| SHELBY COUNTY SCHOOLS, LEWIS THOMASON, P.C., LAURA DEAKINS, CHERYL R. ESTES, and JAMIE GIBBER, | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING RULE 59 MOTION TO ALTER THE JUDGMENT AND
DENYING AS MOOT RENEWED MOTION FOR JUDICIAL NOTICE**

On September 9, 2025, this Court granted Defendants' two motions to dismiss Plaintiff Kim Brown's complaint and denied as moot four of Brown's motions for judicial notice. (ECF No. 47.) A week later, Brown filed a Renewed Motion for Judicial Notices and Reconsideration of Denial of Four Judicial Notices. (ECF No. 48.) The following day, however, he filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 49.) Then, despite his pending appeal, Brown filed in this Court a Rule 59 Motion to Alter the Judgment and Declaration in Support of Not Being a Tennessee Resident on October 3. (ECF No. 52.)

As to the Rule 59 motion, "[i]t is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court." Sanders v. Taskila, No. 19-CV-11018, 2023 WL 2530991, at *1 (E.D. Mich. Mar. 15, 2023) (citing Workman v. Tate, 958 F. 2d 164, 167 (6th Cir. 1992)). Because Brown filed a notice of appeal, this Court lacks jurisdiction to consider his Rule 59 motion to alter the judgment. See id. Thus, that motion is **DENIED**.

As to the renewed motion for judicial notice, the Court previously denied Brown's four motions for judicial notice of certain letters, emails, and news articles as moot because "the

Court may at its discretion take judicial notice of facts—but not of documents." (ECF No. 47 at PageID 666.)  In the renewed motion, Brown asks the Court to take notice of "the 'Facts' behind the news articles" he filed on the docket, and not of the documents themselves.  (ECF No. 48 at PageID 671.)  In the alternative, he contends that documents can be judicially noticed, citing cases in which "[p]ublic records and government documents" have received judicial notice.  (Id. at PageID 673.)  However, even if local news articles and Brown's personal correspondence contained the types of facts, or were the types of documents, that could be judicially noticed—and the Court maintains that they are not—judicial notice of these facts and documents would not affect the outcome of the case.  Thus, the renewed motion for judicial notice is **DENIED AS MOOT**.

       **IT IS SO ORDERED,** this 15th day of July, 2026.

                  s/ Sheryl H. Lipman
                  SHERYL H. LIPMAN
                  CHIEF UNITED STATES DISTRICT JUDGE